## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**TERESA WILSON,**

      **Plaintiff,**

**v.**                                       **No.**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

      **Defendants.**

### NOTICE OF REMOVAL

COMES NOW, Defendant GR Transportation Inc (hereinafter "GRT"), by and through its counsel of record, Priest & Miller LLP (Ada B. Priest and Robert Gandara) and hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, and in support thereof, states as follows:

1.    Plaintiff Teresa Wilson ("Plaintiff") filed her Complaint to Recover Damages for Personal Injury, Punitive Damages and Other Damages ("Complaint") in the Eleventh Judicial District, McKinley County, State of New Mexico, in Cause No. D-1113-CV-2021-00432 (hereinafter "State Court Action") on November 11, 2021.  (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

2.    In her Complaint, Plaintiff alleges she was (and is) a resident of the State of Oklahoma at the time of the collision. (*Id*. at ¶ 2).

3.    Plaintiff identified Defendant Rajandeep Singh and GR Transportation Inc., as the Defendants in the Complaint. (*Id.* at ¶ 2-3).

4.    Plaintiff asserts GRT is a California company that may be served through its registered agent in Fresno, California. (*Id.* at ¶ 4).

5.     Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.     GRT accepted service of the Complaint on March 11, 2022.  (*See* Exhibit B).

7.     Rajandeep Singh accepted service of the Complaint on March 11, 2022.  (*See* Exhibit C)

8.     Less than thirty (30) days have passed since GRT accepted service of the initial pleadings on this matter.

9.     Rajandeep Singh Consents to removal in this matter. (*See* Consent to Removal, attached hereto as Exhibit D).

10.     As GRT has accepted service and Rajandeep Singh consents to removal in this matter, 28 U.S.C. § 1446(b)(2)(A) and 28 U.S.C. § 1332(a) are satisfied.

11.     Pursuant to Plaintiff's allegations, claims for punitive damages and prelitigation attempts at resolution, it is reasonably certain the amount in controversy exceeds $75,000 as set forth in 28 U.S.C. § 1332(a).

12.     This case may be removed to this Court by GRT pursuant to the provisions of 28 U.S.C. §§ 1441(b)(2) and 28 U.S.C. § 1332(a).

13.     By and through this Notice of Removal, GRT removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

14.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

15.     Pursuant to 28 U.S.C. § 1446(d), GRT is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit E.

16.     In addition to the Notice of Filing Notice of Removal in the State Court Action, GRT is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit F.

17.     Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

18.     A copy of the Resister of Actions in State Court is attached as Exhibit G.

19.     A copy of an Entry of Appearance for Federal Court is attached as Exhibit H.

20.     A copy of a GR Transportation, Inc.'s Answer to the Complaint for Federal Court is attached as Exhibit I.

21.     A copy of a Rajandeep Singh's Answer to the Complaint for Federal Court is attached as Exhibit J.

22.     A copy of a Jury Demand for Rajandeep Singh for Federal Court is attached as Exhibit K.

23.     A copy of a Jury Demand for GR Transportation, Inc., for Federal Court is attached as Exhibit L.

24.     A Civil Cover Sheet for this Court is hereto attached as Exhibit M.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Eleventh Judicial District, McKinley County, State of New Mexico, as Cause No. D-1113-CV-2021-00432 is removed to this Court.

Respectfully submitted,

**PRIEST & MILLER L.L.P.**

*/s/ Ada B. Priest*
Ada B. Priest
Robert Gandara
6100 Uptown Blvd. NE, Suite 620
Albuquerque, NM  87110
505-242-6000
Ada@priestmillerlaw.com
robert@priestmillerlaw.com
*Attorneys for GR Transportation Inc. and Rajandeep Singh*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
701 Kirby Dr., Suite 750
Houston, TX 77098
832-690-7000
paul@pstriallaw.com
*Attorneys for Plaintiff*

Mark J. Caruso
Caruso Law Offices, PC
4301 Carlisle Blvd NE
Albuquerque, NM 87107
505-883-5000
mark@carusolaw.com
*Attorneys for Plaintiff*

*/s/ Ada B. Priest*
Ada B. Priest

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
11/11/2021 10:56 AM
WELDON J. NEFF
CLERK OF THE COURT
Michelle Sanchez

**STATE OF NEW MEXICO**
**ELEVENTH JUDICIAL DISTRICT**
**COUNTY OF MCKINLEY**

**TERESA WILSON,**

     **Plaintiff,**

**v.**                            **Case No.**  D-1113-CV-2021-00432

                                         Aragon, Robert A.

**RAJANDEEP SINGH and GR**
**TRANSPORTATION, INC.**

     **Defendants.**

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY, PUNITIVE DAMAGES AND OTHER DAMAGES

Plaintiff Teresa Wilson ("Plaintiff") this claim for damages, complaining of the acts or omissions of Defendants Rajandeep Singh and GR Transportation, Inc. (collectively "Defendants") and respectfully shows the Court as follows:

### I.

### NATURE OF THE CASE

1.     This is a personal injury lawsuit brought by Plaintiff Teresa Wilson against Defendants stemming from a motor vehicle collision on April 7, 2021.

### II.

### PARTIES

2.     Plaintiff, Teresa Wilson, is an individual who resides at 932 Hamilton Falls, Catoosa, Oklahoma 74015.

3.     Defendant-Driver Rajandeep Singh ("Singh") is a California resident that may be served by personal delivery to 8074 N Maron Avenue 104, Fresno, California 93711.

**EXHIBIT A**

4.     Defendant-Owner GR Transportation Inc. is a California company that may be served through its registered agent in Surinder Singh at 6687 N. Bain Avenue, Fresno, California 93722.

## II.

### JURISDICTION AND VENUE

5.     Jurisdiction is appropriate as the claims asserted arise under the common law of New Mexico.

6.     Venue is proper in this County because all or a substantial part of the events or omissions giving rise to the underlying claims occurred here.

7.     This Court has personal jurisdiction over Defendants because each committed a tort in the State of New Mexico giving rise to these claims.

## III.

### FACTS

8.     On or about April 7, 2021, Plaintiff was traveling eastbound on Interstate 40 and at a stop when she was struck from behind.  Plaintiff was the lead vehicle in a commercial vehicle pile-up.  That is, a chain reaction behind her resulted in three tractor hitting one another and that pile then crashing into to the back of Plaintiff.  Notably, the investigating officer cited Singh with "careless driving."

9.     At all times material hereto, Defendant-Driver Singh was operating the truck in the course and scope of his employment with Defendant-Owner GR Transportation. As such, Defendant-Owner GR Transportation is vicariously liable for Defendant-Driver Singh's negligent acts and omissions under the doctrine of *respondeat superior*.

## IV.

<u>**CAUSES OF ACTION**</u>

**A.      *Negligence.***

10.      Plaintiffs repeat and reallege each allegation contained above.

11.      Plaintiffs sustained injuries because of Defendant's negligence and gross negligence when Defendant:

- Failed to control his vehicle's speed;

- Failed to operate his vehicle safely;

- Failed to keep a proper lookout;

- Made an improper and illegal left turn; and

- Other acts so deemed negligent or grossly negligent.

12.      As a result of Defendant's negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for her injuries.

**B.      *Negligent Hiring.***

13.      Plaintiffs repeat and reallege each allegation contained above.

14.      Plaintiffs sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Mr. Singh as a potential employee.

- Failure to properly follow up on information not provided by Mr. Singh in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Mr. Singh's training, prior employment, criminal record, and past.
- Failure to perform the required screening, testing, and physical of Mr. Singh.

- Failure to adopt proper policies and procedures regarding the interview of a

potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## C.   *Negligent Training.*

13.   Plaintiffs repeat and reallege each allegation contained above.

14.   Plaintiffs sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Mr. Singh.

- Failure to provide the necessary training to Mr. Singh regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Singh, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

## D.   *Negligent Supervision, Retention, and Monitoring.*

15.   Plaintiffs repeat and reallege each allegation contained above.

16.   Plaintiffs sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Mr. Singh to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Singh to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Mr. Singh, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Mr. Singh to insure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**E.**   ***Negligent Entrustment.***

17.   Plaintiffs repeat and reallege each allegation contained above.

18.   Plaintiffs sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle to Rajandeep Singh who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

**VII.**

**Damages**

19.   As a direct and proximate result of Defendants' conduct, Plaintiff sustained severe injuries to her body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, disability, disfigurement, discomfort, mental anguish, loss of enjoyment of life, and distress.  In all reasonable probability, Plaintiff's physical pain, physical impairment, mental anguish, and other injuries and damages will continue indefinitely.  Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity.  Plaintiff has incurred and will continue to incur pharmaceutical and medical

expenses in connection with her injuries.  Defendants are liable because its conduct proximately caused Plaintiff's injuries and damages.

## VIII.

### JURY TRIAL DEMANDED

20.     Plaintiff hereby demands a trial by jury on all issues.

## IX.

### PRAYER

Defendant prays that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that those parties appear and answer, and that upon final hearing, Plaintiff have a judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, exemplary damages, attorneys' fees, and all such other and further relief, to which they may show themselves justly entitled, which includes

- Past and Future medical damages;

- Past and future physical pain and suffering and mental anguish;

- Past and future loss of earning capacity;

- Past and future impairment;

- Disfigurement; and

- The other items of damages listed throughout this petition

Respectfully submitted,

Pierce Skrabanek, PLLC

By:/s/ M. Paul Skrabandk
 M. Paul Skrabank
*Attorney for Plaintiff*

701 Kirby Dr., Suite 750
Houston, Texas 77098
Tel: (832) 690-7000
Fax: (832) 616-5576
Paul@pstriallaw.com

CARUSO LAW OFFICES, P.C.

By: */s/ Mark J. Caruso*
Mark J. Caruso
*Local counsel for Plaintiff*
4302 Carlisle Blvd., NE
Albuquerque, NM 87107
Tel: (505) 883-5000
Fax: (505) 883-5012
mark@carusolaw.com

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
3/22/2022 10:04 AM
WELDON J. NEFF
CLERK OF THE COURT
Valarie Baretinicich

**STATE OF NEW MEXICO**
**ELEVENTH JUDICIAL DISTRICT**
**COUNTY OF MCKINLEY**

**TERESA WILSON,**

     **Plaintiff,**

v.                                           **Case No. D-1113-CV-2021-00432**

**RAJANDEEP SINGH and GR**
**TRANSPORTATION, INC.**

     **Defendants.**

## CERTIFICATE  OF SERVICE

The undersigned hereby certifies that on the 11 day of March 2022, Plaintiff Teresa Wilson,

by and through her attorneys of record, Caruso Law Offices, P.C. (Mark J. Caruso ) and Pierce

Skrabanek, PLLC, (Paul Skrabandk) served a Summons, with a copy of the Complaint, by Process

Server John Dies, to Defendant GR Transportation, Inc.  by serving the register agent Surinder

Singh see attached Exhibit A

Respectfully submitted,

**Pierce Skrabanek, PLLC**

By:*/s/ M. Paul Skrabandk*
 M. Paul Skrabank
*Attorney for Plaintiff*
701 Kirby Dr., Suite 750
Houston, Texas 77098
Tel: (832) 690-7000
Fax: (832) 616-5576
Paul@pstriallaw.com

**EXHIBIT B**

**CARUSO LAW OFFICES, P.C.**

By: _/s/ Mark J. Caruso_____
      Mark J. Caruso
      *Attorney for Plaintiff*
      4302 Carlisle Blvd., N.E.
      Albuquerque, NM 87107
      Tel: (505) 883-5000
      Fax: (505) 883-5012
      mark@carusolaw.com

NO. D-1113-CV-2021-00432

| | | |
|---|---|---|
| TERESA WILSON | § | |
| | § | |
| | § | IN THE 11TH JUDICIAL DISTRICT COURT |
| VS. | § | OF MCKINLEY COUNTY, NEW MEXICO |
| | § | |
| RAJANDEEP SINGH AND GR | § | |
| TRANSPORTATION, INC | | |

## AFFIDAVIT OF SERVICE

 **BEFORE ME**, the undersigned authority, **JOHN DIES**, personally appeared and stated under oath as follows:

My name is **JOHN DIES**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: **1099 E Champlain Dr. Ste. A-102, Fresno, California 93720, U.S.A.**

ON **Monday March 07, 2022** AT **03:22 PM** - **SUMMONS, COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY, PUNITIVE DAMAGES AND OTHER DAMAGES** came to hand for service upon **GR TRANSPORTATION INC. BY SERVING ITS REGISTERED AGENT SURINDER SINGH**.

On **Friday March 11, 2022** at **08:10 PM** - The above named documents were hand delivered to**: GR TRANSPORTATION INC. BY SERVING ITS REGISTERED AGENT SURINDER SINGH @ 7098 N RUMI AVE, FRESNO, CA 93722**, in Person.

**FURTHER AFFIANT SAYETH NOT.**

**JOHN DIES**
**PROCESS SERVER**

**SWORN TO AND SUBSCRIBED** before me by **JOHN DIES** appeared on **this 21ST day of MARCH, 2022** to attest witness my hand and seal of office.

**NOTARY PUBLIC IN AND
FOR THE STATE OF CALIFORNIA**

**2022.03.633378**

V. ASABSEH
Notary Public - California
San Mateo County
Commission # 2291190
My Comm. Expires Jun 29, 2023

EXHIBIT A

FILED
11th JUDICIAL DISTRICT COURT
McKinley County
3/22/2022 10:04 AM
WELDON J. NEFF
CLERK OF THE COURT
Valarie Baretinicich

**STATE OF NEW MEXICO**
**ELEVENTH JUDICIAL DISTRICT**
**COUNTY OF MCKINLEY**

**TERESA WILSON,**

     **Plaintiff,**

**v.**                          **Case No. D-1113-CV-2021-00432**

**RAJANDEEP SINGH and GR**
**TRANSPORTATION, INC.**

     **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

     The undersigned hereby certifies that on the 11 day of March 2022, Plaintiff Teresa Wilson, by and through her attorneys of record, Caruso Law Offices, P.C. (Mark J. Caruso ) and Pierce Skrabanek, PLLC, (Paul Skrabandk) served a Summons, with a copy of the Complaint, by Process Server Sean Hobson, to Defendant Rajandeep Singh. see attached Exhibit A

                    Respectfully submitted,

                    Pierce Skrabanek, PLLC

                    By:<u>/s/ M. Paul Skrabandk</u>
                     M. Paul Skrabank
                    *Attorney for Plaintiff*
                    701 Kirby Dr., Suite 750
                    Houston, Texas 77098
                    Tel: (832) 690-7000
                    Fax: (832) 616-5576
                    <u>Paul@pstriallaw.com</u>

**EXHIBIT C**

CARUSO LAW OFFICES, P.C.

By: */s/ Mark J. Caruso*
    Mark J. Caruso
    *Attorney for Plaintiff*
    4302 Carlisle Blvd., N.E.
    Albuquerque, NM 87107
    Tel: (505) 883-5000
    Fax: (505) 883-5012
    mark@carusolaw.com

NO. D-1113-CV-2021-00432

| | | |
|---|---|---|
| TERESA WILSON | § | |
| | § | |
| | § | IN THE 11TH JUDICIAL DISTRICT COURT OF |
| VS. | § | MCKINLEY COUNTY, NEW MEXICO |
| | § | |
| RAJANDEEP SINGH AND GR TRANSPORTATION, | § | |
| INC | | |

## AFFIDAVIT OF SERVICE

**BEFORE ME,** the undersigned authority, _Sean Hobson_ (Process Server), personally appeared on this _18th_ day of _March_, **2022** and stated under oath as follows:

1. My name is _Sean Hobson_ (server). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is:

_2115 Kern Street, Suite 102, Fresno CA 93721_
**(SERVER'S ADDRESS)**

2. ON _3-11-22_ **(DATE)** AT _1_ : _18_ ( _P_ )M **(TIME) SUMMONS,COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY, PUNITIVE DAMAGES AND OTHER DAMAGES** came to hand for delivery to **RAJANDEEP SINGH.**

3. ON _3-17-22_ **(DATE)** AT _9_ : _46_ ( _A_ ) M **(TIME)** The above named documents were hand delivered to: **RAJANDEEP SINGH** AT:

_2295 N Sonora Ave, Fresno CA 93722_
**(ADDRESS)**, in Person, **in accordance to Rule 108 TRCP.**

**FURTHER AFFIANT SAYETH NOT.**

_____
**SERVER'S SIGNATURE**

_Sean Hobson_
**SERVER'S PRINTED NAME**

**SWORN TO AND SUBSCRIBED** before me by _Sean Hobson_ (server) appeared on **this** _18th_ day of _March_, **2022** to attest witness my hand and seal of office.

_____
**NOTARY PUBLIC IN AND**
**FOR THE STATE OF** _California_

2022.03.634665

VICTORIA MABRY
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2380885
FRESNO COUNTY
My Comm. Exp. March 10, 2025

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TERESA WILSON,

       Plaintiff,

v.                                           No.

RAJANDEEP SINGH and
GR TRANSPORTATION, INC.,

       Defendants.

**<u>DEFENDANT RAJANDEEP SINGH'S NOTICE OF CONSENT TO REMOVAL</u>**

       Defendant, Rajandeep Singh ("Mr. Singh"), by and through his counsel of record, Priest &

Miller LLP. (Ada B. Priest and Robert Gandara) hereby notifies this Court that he gives consent

to the removal of this case to the United States District Court for the District of New Mexico.

       Respectfully submitted,

       **PRIEST & MILLER L.L.P.**


       <u>*/s/ Ada B. Priest*</u>
       Ada B. Priest
       Robert Gandara
       6100 Uptown Blvd. NE, Suite 620
       Albuquerque, NM  87110
       505-242-6000
       Ada@priestmillerlaw.com
       robert@priestmillerlaw.com
       *Attorneys for GR Transportation Inc. and*
       *Rajandeep Singh*


**EXHIBIT D**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
701 Kirby Dr., Suite 750
Houston, TX 77098
832-690-7000
paul@pstriallaw.com
*Attorneys for Plaintiff*

Mark J. Caruso
Caruso Law Offices, PC
4301 Carlisle Blvd NE
Albuquerque, NM 87107
505-883-5000
mark@carusolaw.com
*Attorneys for Plaintiff*

*/s/ Ada B. Priest*
Ada B. Priest

2

**STATE OF NEW MEXICO**
**COUNTY OF MCKINLEY**
**ELEVENTH JUDICIAL DISTRICT**

**TERESA WILSON,**

              **Plaintiff,**

**v.**                                                              **No. D-1113-CV-2021-00432**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

              **Defendants.**

<u>**NOTICE OF FILING OF REMOVAL**</u>

          PLEASE TAKE NOTICE that Defendant GR Transportation Inc. by and through its

counsel of record, Priest & Miller LLP (Ada Priest and Robert Gandara), has filed a Notice of

Removal in the United States District Court for the District of New Mexico.  A true and correct

copy of the Notice of Removal is attached to this Notice as **Exhibit "1"** and was electronically

mailed to:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
701 Kirby Dr., Suite 750
Houston, TX 77098
832-690-7000
paul@pstriallaw.com
*Attorneys for Plaintiff*

**EXHIBIT E**

Mark J. Caruso
Caruso Law Offices, PC
4301 Carlisle Blvd NE
Albuquerque, NM 87107
505-883-5000
mark@carusolaw.com
*Attorneys for Plaintiff*

Respectfully submitted,

**PRIEST & MILLER, LLP**

*/s/ Ada B. Priest*
Ada B. Priest
Robert Gandara
6100 Uptown Boulevard, NE
Suite 620
Albuquerque, New Mexico 87110
505-349-2300
Ada@PriestMillerLaw.com
Robert@PriestMillerLaw.com
*Attorneys for Defendants GR*
*Transportation, Inc. and Rajandeep Singh*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY the foregoing was served on the following counsel of record via the Odyssey filing system and on this 8th day of April 2022:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
701 Kirby Dr., Suite 750
Houston, TX 77098
832-690-7000
paul@pstriallaw.com
*Attorneys for Plaintiff*

Mark J. Caruso
Caruso Law Offices, PC
4301 Carlisle Blvd NE
Albuquerque, NM 87107
505-883-5000
mark@carusolaw.com
*Attorneys for Plaintiff*

*/s/ Ada B. Priest*
Ada B. Priest

2

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**TERESA WILSON,**

      **Plaintiff,**

**v.**                                 **No.**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

      **Defendants.**

## <u>NOTICE OF REMOVAL</u>

COMES NOW, Defendant GR Transportation Inc (hereinafter "GRT"), by and through its counsel of record, Priest & Miller LLP (Ada B. Priest and Robert Gandara) and hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, and in support thereof, states as follows:

1.    Plaintiff Teresa Wilson ("Plaintiff") filed her Complaint to Recover Damages for Personal Injury, Punitive Damages and Other Damages ("Complaint") in the Eleventh Judicial District, McKinley County, State of New Mexico, in Cause No. D-1113-CV-2021-00432 (hereinafter "State Court Action") on November 11, 2021.  (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

2.    In her Complaint, Plaintiff alleges she was (and is) a resident of the State of Oklahoma at the time of the collision. (*Id*. at ¶ 2).

3.    Plaintiff identified Defendant Rajandeep Singh and GR Transportation Inc., as the Defendants in the Complaint. (*Id.* at ¶ 2-3).

4.    Plaintiff asserts GRT is a California company that may be served through its registered agent in Fresno, California. (*Id.* at ¶ 4).

**EXHIBIT 1**

5.    Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.    GRT accepted service of the Complaint on March 11, 2022.  (*See* Exhibit B).

7.    Rajandeep Singh accepted service of the Complaint on March 11, 2022.  (*See* Exhibit C)

8.    Less than thirty (30) days have passed since GRT accepted service of the initial pleadings on this matter.

9.    Rajandeep Singh Consents to removal in this matter. (*See* Consent to Removal, attached hereto as Exhibit D).

10.    As GRT has accepted service and Rajandeep Singh consents to removal in this matter, 28 U.S.C. § 1446(b)(2)(A) and 28 U.S.C. § 1332(a) are satisfied.

11.    Pursuant to Plaintiff's allegations, claims for punitive damages and prelitigation attempts at resolution, it is reasonably certain the amount in controversy exceeds $75,000 as set forth in 28 U.S.C. § 1332(a).

12.    This case may be removed to this Court by GRT pursuant to the provisions of 28 U.S.C. §§ 1441(b)(2) and 28 U.S.C. § 1332(a).

13.    By and through this Notice of Removal, GRT removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

14.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

15.    Pursuant to 28 U.S.C. § 1446(d), GRT is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit E.

16.     In addition to the Notice of Filing Notice of Removal in the State Court Action, GRT is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit F.

17.     Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

18.     A copy of the Resister of Actions in State Court is attached as Exhibit G.

19.     A copy of an Entry of Appearance for Federal Court is attached as Exhibit H.

20.     A copy of a GR Transportation, Inc.'s Answer to the Complaint for Federal Court is attached as Exhibit I.

21.     A copy of a Rajandeep Singh's Answer to the Complaint for Federal Court is attached as Exhibit J.

22.     A copy of a Jury Demand for Rajandeep Singh for Federal Court is attached as Exhibit K.

23.     A copy of a Jury Demand for GR Transportation, Inc., for Federal Court is attached as Exhibit L.

24.     A Civil Cover Sheet for this Court is hereto attached as Exhibit M.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Eleventh Judicial District, McKinley County, State of New Mexico, as Cause No. D-1113-CV-2021-00432 is removed to this Court.

Respectfully submitted,

**PRIEST & MILLER L.L.P.**

*/s/ Ada B. Priest*
Ada B. Priest
Robert Gandara
6100 Uptown Blvd. NE, Suite 620
Albuquerque, NM  87110
505-242-6000
Ada@priestmillerlaw.com
robert@priestmillerlaw.com
*Attorneys for GR Transportation Inc. and*
*Rajandeep Singh*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
701 Kirby Dr., Suite 750
Houston, TX 77098
832-690-7000
paul@pstriallaw.com
*Attorneys for Plaintiff*

Mark J. Caruso
Caruso Law Offices, PC
4301 Carlisle Blvd NE
Albuquerque, NM 87107
505-883-5000
mark@carusolaw.com
*Attorneys for Plaintiff*

*/s/ Ada B. Priest*
Ada B. Priest

**STATE OF NEW MEXICO**
**COUNTY OF MCKINLEY**
**ELEVENTH JUDICIAL DISTRICT**

**TERESA WILSON,**

        **Plaintiff,**

**v.**                                    **No. D-1113-CV-2021-00432**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

        **Defendants.**

## ENTRY OF APPEARANCE

    Priest & Miller, LLP (Ada B. Priest and Robert Gandara), hereby enters its appearance on behalf of Defendants Rajandeep Singh and GR Transportation, Inc.  Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                          Respectfully submitted,

                          **PRIEST & MILLER, LLP**

                          */s/ Ada B. Priest*
                          Ada B. Priest
                          Robert Gandara
                          6100 Uptown Blvd, NE Suite 620
                          Albuquerque, NM 87110
                          (505) 349-2300
                          Ada@PriestMillerLaw.com
                          Robert@priestmillerlaw.com
                          *Attorneys for Defendants Rajandeep Singh and GR*
                          *Transportation Inc.*

**EXHIBIT F**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
701 Kirby Dr., Suite 750
Houston, TX 77098
832-690-7000
paul@pstriallaw.com
*Attorneys for Plaintiff*

Mark J. Caruso
Caruso Law Offices, PC
4301 Carlisle Blvd NE
Albuquerque, NM 87107
505-883-5000
mark@carusolaw.com
*Attorneys for Plaintiff*

*/s/ Ada B. Priest*
Ada B. Priest

2

Skip to Main Content Logout My Account Search Menu Search Refine Search  Back                                   Location : All Courts   Images

# REGISTER OF ACTIONS
## CASE NO. D-1113-CV-2021-00432

| | | | |
|---|---|---|---|
| Teresa Wilson v. Rajandeep Singh, et. al. | § | Case Type: | **Tort Auto** |
| | § | Date Filed: | **11/11/2021** |
| | § | Location: | |
| | § | Judicial Officer: | **Aragon, Robert A.** |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | **GR Transportation, Inc.**<br>6687 N. Bain Avenue<br>Fresno, CA 93722 | | |
| Defendant | **Singh, Rajandeep**<br>8074 N. Maron Avenue 104<br>Fresno, CA 93711 | | |
| Plaintiff | **Wilson, Teresa**<br>932 Hamilton Falls<br>Catoosa, OK 74015 | | **Mark J. Caruso**<br>*Retained*<br>505-883-5000(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 11/11/2021 | **Cause Of Actions**<br>Action Type | Tort: Personal Injury Auto<br>Action |
| 11/11/2021 | **OPN: COMPLAINT**<br>*Complaint to Recover Damages For Personal Injury, Punitive Damages and Other Damages* | |
| 02/18/2022 | **Summons**<br>GR Transportation, Inc.<br>Singh, Rajandeep | <br>Unserved<br>Unserved |
| 03/22/2022 | **CERTIFICATE OF SERVICE**<br>*Certificate of Service for Process of Service R. Singh* | |
| 03/22/2022 | **CERTIFICATE OF SERVICE**<br>*Certificate of Service for Process of Service GR Transportation* | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Wilson, Teresa | | | |
| Total Financial Assessment | | | 132.00 |
| Total Payments and Credits | | | 132.00 |
| **Balance Due as of 04/08/2022** | | | **0.00** |
| | | | |
| 11/12/2021 | Transaction Assessment | | 132.00 |
| 11/12/2021 | File & Serve Payment | Receipt # GALD-2021-1609 | Wilson, Teresa | (132.00) |

# EXHIBIT G

**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**TERESA WILSON,**

        **Plaintiff,**

**v.**                                    **No.**

**RAJANDEEP SINGH and
GR TRANSPORTATION, INC.,**

        **Defendants.**

## ENTRY OF APPEARANCE

    Priest & Miller, LLP (Ada B. Priest and Robert Gandara), hereby enters their appearance

on behalf of Defendants Rajandeep Singh, and GR Transportation, Inc.  Copies of all documents

pertaining to litigation in this matter should be sent to the undersigned attorneys.

                                     Respectfully submitted,

                                     **PRIEST & MILLER, LLP**

                                   */s/ Ada B. Priest*
                                   Ada B. Priest
                                   Robert Gandara
                                   6100 Uptown Boulevard, NE
                                   Suite 620
                                   Albuquerque, New Mexico 87110
                                   505-349-2300
                                   Ada@PriestMillerLaw.com
                                   Robert@PriestMillerLaw.com
                                   *Attorneys for Defendants GR*
                                   *Transportation, Inc. and Rajandeep Singh*

**EXHIBIT H**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

M. Paul Skrabanek
Pierce Skrabanek, PLLC
701 Kirby Dr., Suite 750
Houston, TX 77098
832-690-7000
paul@pstriallaw.com
*Attorneys for Plaintiff*

Mark J. Caruso
Caruso Law Offices, PC
4301 Carlisle Blvd NE
Albuquerque, NM 87107
505-883-5000
mark@carusolaw.com
*Attorneys for Plaintiff*


*/s/ Ada B. Priest*
Ada B. Priest

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**TERESA WILSON,**

      **Plaintiff,**

**v.**                                    **No.**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

      **Defendants.**

**DEFENDANT GR TRANSPORTATION, INC'S ANSWER TO**
**COMPLAINT TO RECOVER DAMAGES FOR PERSONAL**
**INJURY, PUNITIVE DAMAGES AND OTHER DAMAGES**

COMES NOW, the Defendant, GR Transportation, Inc. (hereafter "GRT"), by and through its counsel of record, Priest & Miller LLP (Ada B. Priest and Robert Gandara), and hereby provides the following Answer to Plaintiff's Complaint to Recover Damages for Personal Injury, Punitive Damages and Other Damages:

**I.**

**NATURE OF THE CASE**

1.    With respect to the allegations contained in Paragraph 1, GRT is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

**II.**

**PARTIES**

2.    With respect to the allegations contained in Paragraph 2, GRT is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

**EXHIBIT I**

3.      With respect to the allegations contained in Paragraph 3, GRT is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

4.      With respect to the allegations contained in Paragraph 4, GRT admits only that it is a California Company. GRT specifically denies any allegations that are inconsistent with this response and demands strict proof thereof.

### III. (Incorrectly marked II in Complaint)

### <u>JURSIDICTION AND VENUE</u>

5.      With respect to the allegations contained in Paragraph 5, GRT is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

6.      With respect to the allegations contained in Paragraph 6, GRT is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

7.      With respect to the allegations contained in Paragraph 7 and directed to GRT, GRT denies the allegations and demands strict proof thereof.

### IV. (Incorrectly marked III in Complaint)

### <u>FACTS</u>

8.      With respect to the allegations contained in Paragraph 8, GRT admits only an accident took place on or about April 7, 2021, involving a GRT driver and Plaintiff.  GRT is without information sufficient to either admit or deny the remaining allegations and therefore denies the same and demands strict proof thereof.

9.      With respect to the allegations contained in Paragraph 9, GRT states New Mexico law with respect to *respondeat superior* speaks for itself.  GRT affirmative states Plaintiff has the burden of proof with respect to "negligent acts and omissions."  GRT denies all allegations and inferences contained in this Paragraph that are inconsistent with this response and demands strict proof thereof.

### V. (Incorrectly marked IV in Complaint)

### CAUSES OF ACTION

**A. Negligence.**

10.      GRT incorporates the answer contained in Paragraphs 1 through 9 as though fully set forth herein.

11.      With respect to the allegations contained in Paragraph 11, including subparts, and directed to GRT, GRT denies said allegations and demands strict proof thereof.

12.      With respect to the allegations contained in Paragraph 12, including subparts, and directed to GRT, GRT denies said allegations and demands strict proof thereof.

**B. Negligent Hiring.**

13.      GRT incorporates the answer contained in Paragraphs 1 through 12 as though fully set forth herein.

14.      GRT denies the allegations contained in Paragraph 14, including subparts, and demands strict proof thereof.

**C. Negligent Training.**

15.      In response to Plaintiff's second Paragraph 13, GRT incorporates the answer contained in Paragraphs 1 through 14 as though fully set forth herein.

16.     In response to Plaintiff's second Paragraph 14, GRT denies said allegations, including subparts, and demands strict proof thereof.

**D. Negligent Supervision, Retention, and Monitoring**

17.     In response to Paragraph 15, GRT incorporates by reference the answers contained in Paragraphs 1 through 16 as though fully set forth herein.

18.     GRT denies the allegations contained in Paragraph 16, including subparts, and demands strict proof thereof.

**E. Negligent Entrustment**

19.     In response to Paragraph 17, GRT incorporates the answers contained in Paragraphs 1 through 18 as though fully set forth herein.

20.     In response to Paragraph 18, GRT denies the allegations and demands strict proof thereof.

**VI. (Incorrectly marked VII In Complaint)**

**<u>DAMAGES</u>**

21.     In response to Paragraph 19, GRT denies the allegations and demands strict proof thereof.

**VII. (Incorrectly marked VIII in Complaint)**

**<u>JURY TRIAL DEMANDED</u>**

22.     Paragraph 20 is a conclusory statement that requires no response.  To the extent a response is necessary, GRT states it is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

**VIII. (Incorrectly marked IX in Complaint)**

**<u>PRAYER</u>**

With respect to the allegations contained in the unenumerated WHEREFORE Paragraph, including subparts, and directed to GRT, GRT denies plaintiffs' prayer or that plaintiffs are entitled to recover against GRT and demands strict proof thereof.

## GENERAL DENIAL

All allegations of the Amended Complaint not expressly admitted in this Answer are denied.

## DENIAL REGARDING JURISDICTION AND VENUE

At present, insufficient evidence is available as to facts that would allow determination of whether jurisdiction and venue are proper in this case.  Thus, GRT denies these allegations are proper at this time and preserves all defenses it may have in that regard.

## AFFIRMATIVE DEFENSES

1.      As a separate and alternative affirmative defense, GRT states that some or all of the claims contained in Plaintiffs' Complaint fail to state a claim upon which relief can be granted as to GRT.

2.      As a separate and alternative affirmative defense, GRT states that Plaintiff's request for costs of suit fails to state a claim upon which relief may be granted against GRT.

3.      As a separate and alternative affirmative defense, GRT states that Plaintiff may have failed to mitigate damages thereby barring or reducing recovery herein.

4.      As a separate and alternative affirmative defense, GRT states it did not breach any duties to the Plaintiff herein, and that Plaintiff has suffered no damage, injury or otherwise, as a result of any of the alleged acts or omissions of GRT.

5.      As a separate and alternative affirmative defense, GRT states the alleged damages of the Plaintiff were proximately caused by the comparative negligence or fault of other individuals, entities, or parties other than GRT, for which GRT may not be held liable.

6.      As a separate and alternative affirmative defense, GRT states the alleged damages to the Plaintiff, which are specifically denied, were the proximate result of an independent and intervening cause, thereby barring recovery herein by the Plaintiff against GRT.

7.      As a separate and alternative affirmative defense, if punitive damages are claimed, GRT states that none of the acts or failures to act of GRT, as alleged in the Complaint of the Plaintiff, and which are specifically denied, state a claim upon which relief can be granted for punitive damages.

8.      As a separate and alternative affirmative defense, GRT states a claim for punitive damages, if any, by the Plaintiff against GRT is barred or limited by the protections afforded to GRT by the Constitution of the United States of America as well as the Constitution of the State of New Mexico.

9.      As a separate and alternative affirmative defense, GRT states Plaintiffs' claims may be barred by the doctrines of waiver, laches, or unclean hands.

10.     As a separate and alternative affirmative defense, GRT states Plaintiffs' injuries and damages, if any, were the result of an unavoidable accident or Act of God.

11.     As a separate and alternative affirmative defense, GRT states these affirmative defenses are preliminary, without the benefits of all facts underlying or pertaining to Plaintiff's claims and therefore, GRT reserves the right to amend and assert additional affirmative defenses as discovery progresses.

WHEREFORE, having fully answered the Original Complaint, GR Transportation prays the Complaint be dismissed with prejudice, the relief requested by Plaintiffs be denied, judgment

be entered in favor of GR Transportation, the Court award costs to GR Transportation, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**PRIEST & MILLER L.L.P.**

*/s/ Ada B. Priest*
Ada B. Priest
Robert Gandara
6100 Uptown Blvd. NE, Suite 620
Albuquerque, NM  87110
505-242-6000
Ada@priestmillerlaw.com
robert@priestmillerlaw.com
*Attorneys for GR Transportation Inc. and Rajandeep Singh*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

| | |
|---|---|
| M. Paul Skrabanek | Mark J. Caruso |
| Pierce Skrabanek, PLLC | Caruso Law Offices, PC |
| 701 Kirby Dr., Suite 750 | 4301 Carlisle Blvd NE |
| Houston, TX 77098 | Albuquerque, NM 87107 |
| 832-690-7000 | 505-883-5000 |
| paul@pstriallaw.com | mark@carusolaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

*/s/ Ada B. Priest*
Ada B. Priest

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**TERESA WILSON,**

     **Plaintiff,**

**v.**                                   **No.**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

     **Defendants.**

**RAJANDEEP SINGH'S ANSWER TO**
**COMPLAINT TO RECOVER DAMAGES FOR PERSONAL**
**INJURY, PUNITIVE DAMAGES AND OTHER DAMAGES**

COMES NOW, the Rajandeep Singh (hereafter "Mr. Singh"), by and through his counsel of record, Priest & Miller LLP (Ada B. Priest and Robert Gandara), and hereby provides the following Answer to Plaintiff's Complaint to Recover Damages for Personal Injury, Punitive Damages and Other Damages:

**I.**

**NATURE OF THE CASE**

1.     With respect to the allegations contained in Paragraph 1, Mr. Singh is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

**II.**

**PARTIES**

2.     With respect to the allegations contained in Paragraph 2, Mr. Singh is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

**EXHIBIT J**

3.      Mr. Singh admits the allegations contained in Paragraph 3.

4.      The allegations contained in Paragraph 4 are directed to a party other than Mr. Singh and as such, no response is necessary. To the extent a response is required, Mr. Singh states, upon information and belief, GR Transportation Inc. is a California company. Mr. Singh is without information sufficient to either admit or deny any other allegations contained therein and therefore denies said allegations and demands strict proof thereof.

### III. (Incorrectly marked II in Complaint)

### <u>JURSIDICTION AND VENUE</u>

5.      With respect to the allegations contained in Paragraph 5, Mr. Singh is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

6.      With respect to the allegations contained in Paragraph 6, Mr. Singh is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

7.      With respect to the allegations contained in Paragraph 7 and directed to Mr. Singh, Mr. Singh denies the allegations and demands strict proof thereof.

### IV. (Incorrectly marked III in Complaint)

### <u>FACTS</u>

8.      With respect to the allegations contained in Paragraph 8, Mr. Singh admits only he was involved in an accident on or about April 7, 2021.  Mr. Singh denies any allegation or inference contained in this Paragraph not specifically admitted or that is inconsistent with this response and demands strict proof thereof.

9.      With respect to the allegations contained in Paragraph 9, Mr. Singh states New Mexico law with respect to *respondeat superior* speaks for itself.  Mr. Singh admits only he was working at the time of the accident.  Mr. Singh denies any remaining allegations or any inference that is inconsistent with this response and demands strict proof thereof.

### V. (Incorrectly marked IV in Complaint)

### <u>CAUSES OF ACTION</u>

**A. Negligence.**

10.      Mr. Singh incorporates the answer contained in Paragraphs 1 through 9 as though fully set forth herein.

11.      With respect to the allegations contained in Paragraph 11, including subparts, and directed to Mr. Singh, Mr. Singh denies said allegations and demands strict proof thereof.

12.      With respect to the allegations contained in Paragraph 12, including subparts, and directed to Mr. Singh, Mr. Singh denies said allegations and demands strict proof thereof.

**B. Negligent Hiring.**

13.      Mr. Singh incorporates the answer contained in Paragraphs 1 through 12 as though fully set forth herein.

14.      The allegations contained in Paragraph 14, including subparts, are directed to a party other than Mr. Singh and as such, no response is necessary. To the extent a response is required, Mr. Singh denies he breached any duty owed to this plaintiff or that any act or omission attributable to him caused or contributed to the damages as alleged.  Mr. Singh specifically denies any allegation or inference contained in this Paragraph that is inconsistent with this response and demands strict proof thereof.

**C. Negligent Training.**

15.     Mr. Singh responding to Plaintiff's second Paragraph 13, incorporates the answer contained in Paragraphs 1 through 14 as though fully set forth herein.

16.     Mr. Singh responding to Plaintiff's second Paragraph 14, states the allegations are directed to a party other than Mr. Singh and as such, no response is necessary. To the extent a response is required, Mr. Singh denies he breached any duty owed to this plaintiff or that any act or omission attributable to him caused or contributed to the damages as alleged.  Mr. Singh specifically denies any allegation or inference contained in this Paragraph that is inconsistent with this response and demands strict proof thereof.

**D. Negligent Supervision, Retention, and Monitoring**

17.     In response to Paragraph 15,  Mr. Singh incorporates the answers contained in Paragraphs 1 through 16 as though fully set forth herein.

18.     Mr. Singh responding to Plaintiff's Paragraph 16, including subparts, states the allegations are directed to a party other than Mr. Singh and as such no response is necessary. To the extent a response is required, Mr. Singh denies he breached any duty owed to this plaintiff or that any act or omission attributable to him caused or contributed to the damages as alleged.  Mr. Singh specifically denies any allegation or inference contained in this Paragraph that is inconsistent with this response and demands strict proof thereof.

**E. Negligent Entrustment**

19.     Mr. Singh responding to Plaintiff's Paragraph 17, incorporates the answers contained in Paragraphs 1 through 18 as though fully set forth herein.

20.    Mr. Singh responding to Plaintiff's Paragraph 18, including subparts, and states the allegations are directed to a party other than Mr. Singh and as such, no response is necessary. To the extent a response is required, Mr. Singh denies he breached any duty owed to this plaintiff or that any act or omission attributable to him caused or contributed to the damages as alleged. Mr. Singh specifically denies any allegation or inference contained in this Paragraph that is inconsistent with this response and demands strict proof thereof.

## VI. (Incorrectly marked VII In Complaint)

## <u>DAMAGES</u>

21.    Mr. Singh denies the allegations contained in Plaintiff's Paragraph 19 and demands strict proof thereof.

## VII. (Incorrectly marked VIII in Complaint)

## <u>JURY TRIAL DEMANDED</u>

22.    The allegations contained in Paragraph 22 are conclusory statements that need no response.  To the extent a response is required, Mr. Singh states he is without information sufficient to either admit or deny said allegations and therefore denies the same and demands strict proof thereof.

## VIII. (Incorrectly marked IX in Complaint)

## <u>PRAYER</u>

With respect to the allegations contained in the unenumerated WHEREFORE Paragraph, including subparts, and directed to Mr. Singh, Mr. Singh denies plaintiffs' prayer or that plaintiffs are entitled to recover against Mr. Singh and demands strict proof thereof.

## GENERAL DENIAL

All allegations of the Complaint not expressly admitted in this Answer are denied.

## DENIAL REGARDING JURISDICTION AND VENUE

At present, insufficient evidence is available as to facts that would allow determination of whether jurisdiction and venue are proper in this case.  Thus, Mr. Singh denies these allegations are proper at this time and preserves all defenses it may have in that regard.

## AFFIRMATIVE DEFENSES

1.      As a separate and alternative affirmative defense, Mr. Singh states that some or all of the claims contained in Plaintiffs' Complaint fail to state a claim upon which relief can be granted as to Mr. Singh.

2.      As a separate and alternative affirmative defense, Mr. Singh states that Plaintiff's request for costs of suit fails to state a claim upon which relief may be granted against Mr. Singh.

3.      As a separate and alternative affirmative defense, Mr. Singh states that Plaintiff may have failed to mitigate damages thereby barring or reducing recovery herein.

4.      As a separate and alternative affirmative defense, Mr. Singh states it did not breach any duties to the Plaintiff herein, and that Plaintiff has suffered no damage, injury or otherwise, as a result of any of the alleged acts or omissions of Mr. Singh.

5.      As a separate and alternative affirmative defense, Mr. Singh states the alleged damages of the Plaintiff were proximately caused by the comparative negligence or fault of other individuals, entities, or parties other than Mr. Singh, for which Mr. Singh may not be held liable.

6.      As a separate and alternative affirmative defense, Mr. Singh states the alleged damages to the Plaintiff, which are specifically denied, were the proximate result of an independent and intervening cause, thereby barring recovery herein by the Plaintiff against Mr. Singh.

7.      As a separate and alternative affirmative defense, if punitive damages are claimed, Mr. Singh states that none of the acts or failures to act of Mr. Singh, as alleged in the Complaint

of the Plaintiff, and which are specifically denied, state a claim upon which relief can be granted for punitive damages.

8.      As a separate and alternative affirmative defense, Mr. Singh states a claim for punitive damages, if any, by the Plaintiff against Mr. Singh is barred or limited by the protections afforded to Mr. Singh by the Constitution of the United States of America as well as the Constitution of the State of New Mexico.

9.      As a separate and alternative affirmative defense, Mr. Singh states Plaintiffs' claims may be barred by the doctrines of waiver, laches, or unclean hands.

10.     As a separate and alternative affirmative defense, Mr. Singh states Plaintiffs' injuries and damages, if any, were the result of an unavoidable accident or Act of God.

11.     As a separate and alternative affirmative defense, Mr. Singh states these affirmative defenses are preliminary, without the benefits of all facts underlying or pertaining to Plaintiff's claims and therefore, Mr. Singh reserves the right to amend and assert additional affirmative defenses as discovery progresses.

WHEREFORE, having fully answered the Original Complaint, Mr. Singh prays the Complaint be dismissed with prejudice, the relief requested by Plaintiffs be denied, judgment be entered in favor of Mr. Singh, the Court award Mr. Singh costs, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**PRIEST & MILLER L.L.P.**

*/s/ Ada B. Priest*
Ada B. Priest
Robert Gandara
6100 Uptown Blvd. NE, Suite 620
Albuquerque, NM  87110
505-242-6000
Ada@priestmillerlaw.com
robert@priestmillerlaw.com
*Attorneys for GR Transportation Inc. and Rajandeep Singh*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

M. Paul Skrabanek                                Mark J. Caruso
Pierce Skrabanek, PLLC                           Caruso Law Offices, PC
701 Kirby Dr., Suite 750                         4301 Carlisle Blvd NE
Houston, TX 77098                                Albuquerque, NM 87107
832-690-7000                                     505-883-5000
paul@pstriallaw.com                              mark@carusolaw.com
*Attorneys for Plaintiff*                        *Attorneys for Plaintiff*


*/s/ Ada B. Priest*
Ada B. Priest

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**TERESA WILSON,**

        **Plaintiff,**

**v.**                                                 **No.**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

        **Defendants.**

## JURY DEMAND

Rajandeep Singh, by and through his attorneys, Priest & Miller LLP (Ada B. Priest and Robert Gandara), hereby demands a jury of twelve (12) persons of all issues triable to a jury in this matter.

        Respectfully submitted,

        **PRIEST & MILLER, LLP**

        */s/ Ada B. Priest*
        Ada B. Priest
        Robert Gandara
        6100 Uptown Boulevard, NE
        Suite 620
        Albuquerque, New Mexico 87110
        505-349-2300
        Ada@PriestMillerLaw.com
        Robert@PriestMillerLaw.com
        *Attorneys for Defendants GR*
        *Transportation, Inc. and Rajandeep Singh*

**EXHIBIT K**

## <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

| | |
|---|---|
| M. Paul Skrabanek | Mark J. Caruso |
| Pierce Skrabanek, PLLC | Caruso Law Offices, PC |
| 701 Kirby Dr., Suite 750 | 4301 Carlisle Blvd NE |
| Houston, TX 77098 | Albuquerque, NM 87107 |
| 832-690-7000 | 505-883-5000 |
| paul@pstriallaw.com | mark@carusolaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

*/s/ Ada B. Priest*
Ada B. Priest

2

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**TERESA WILSON,**

       **Plaintiff,**

**v.**                                         **No.**

**RAJANDEEP SINGH and**
**GR TRANSPORTATION, INC.,**

       **Defendants.**

## JURY DEMAND

GR Transportation, Inc., by and through its attorneys, Priest & Miller LLP (Ada B. Priest and Robert Gandara), hereby demands a jury of twelve (12) persons of all issues triable to a jury in this matter and states the appropriate jury fee of $300.00 has previously been deposited as Defendant Rajandeep Singh requested a jury of twelve (12) persons on April 8, 2022.

                                     Respectfully submitted,

                                     **PRIEST & MILLER L.L.P.**

                                     */s/ Ada B. Priest*
                                     Ada B. Priest
                                     Robert Gandara
                                     6100 Uptown Blvd. NE, Suite 620
                                     Albuquerque, NM  87110
                                     505-242-6000
                                     Ada@priestmillerlaw.com
                                     robert@priestmillerlaw.com
                                     *Attorneys for GR Transportation Inc. and Rajandeep*
                                     *Singh*

**EXHIBIT L**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 8th day of April 2022, I filed the foregoing electronically through the CM/ECF File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

| | |
|---|---|
| M. Paul Skrabanek | Mark J. Caruso |
| Pierce Skrabanek, PLLC | Caruso Law Offices, PC |
| 701 Kirby Dr., Suite 750 | 4301 Carlisle Blvd NE |
| Houston, TX 77098 | Albuquerque, NM 87107 |
| 832-690-7000 | 505-883-5000 |
| paul@pstriallaw.com | mark@carusolaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

*/s/ Ada B. Priest*
Ada B. Priest

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Teresa Wilson | Rajandeep Singh and GR Transportation, Inc |

| **(b)**  County of Residence of First Listed Plaintiff    Rogers | County of Residence of First Listed Defendant    Fresno |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   ~~IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.~~ |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| M. Paul Skrabanek, Pierce Skrabanek, PLLC, 701 Kirby Dr. Suite 750 Houston, Texas 77098 (832) 690-7000; See attachment | Ada B. Priest, Robert Gandara, Priest & Miller LLP, 6100 Uptown Blvd. NE, Suite 620, Albuquerque, NM 87110   (505) 349-2300 |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
          Plaintiff

☐ 3   Federal Question
          *(U.S. Government Not a Party)*

☐ 2   U.S. Government
          Defendant

☒ 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
         Proceeding

☒ 2  Removed from
         State Court

☐ 3  Remanded from
         Appellate Court

☐ 4  Reinstated or
         Reopened

☐ 5  Transferred from
         Another District
         *(specify)*

☐ 6  Multidistrict
         Litigation

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. Section 1332 |
|---|---|
| | Brief description of cause: Personal Injury |

| VII.  REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | DEMAND $ 75,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII.  RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE  Honorable Robert A. Aragon | DOCKET NUMBER  D-1113-CV-2021-00432 |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 04/07/2022 | Robert Gandara |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**EXHIBIT M**

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.