IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA WILSON,

    Plaintiff,

v.                                                                         No. 22-cv-0269 JHR/SMV

RAJANDEEP SINGH and
GR TRANSPORTATION, INC.,

    Defendants.

**ORDER TO SHOW CAUSE**

    THIS MATTER is before the Court on Plaintiff's failure to appear at a Rule 16 scheduling conference. Plaintiff's counsel, Paul Skrabanek and Mark Caruso, failed appear at a telephonic scheduling conference scheduled for July 29, 2022, at 10:30 a.m. MDT. *See* [Doc. 10]. In addition, Plaintiff did not meet and confer with defense counsel as ordered in the Initial Scheduling Order ("ISO"). *Id*. Plaintiff is ordered to show cause why she should not be sanctioned for failure to appear and to comply with the ISO.

    On May 31, 2022, the Court issued the ISO, in which it (1) ordered the parties to meet and confer to formulate a provisional discovery plan and (2) set a Rule 16 initial scheduling conference and directed all parties to call Judge Vidmar's teleconference line on July 29, 2022, at 10:30 a.m. MDT. *Id*. The notice of electronic filing indicates that the ISO was sent to Plaintiff's counsel by email through CM/ECF and the CM/ECF receipt indicates that the ISO was delivered to Plaintiff's counsel via six separate email addresses. Although the parties filed a Joint Status Report and Provisional Discovery Plan ("JSR"), it appears from the JSR that Plaintiff did not respond to Defendant's request for a meeting. [Doc. 17]. In addition, Plaintiff's counsel failed to appear at the

Rule 16 conference, and the conference could not proceed. Counsel for Defendant was present at the Rule 16 conference.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that, no later than **August 10, 2022**, Plaintiff shall show cause, in writing, why she should not be sanctioned for failure to meet and confer with Defendant and to appear at the telephonic scheduling conference set for July 29, 2022, in accordance with the ISO. [Doc. 10].

**IT IS FURTHER ORDERED** that **if Plaintiff fails to timely respond to this Order, she may be sanctioned up to and including dismissal of this case without further notice.** *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (courts have inherent power to dismiss cases for lack of prosecution); Fed. R. Civ. P. 16(f) (authorizing sanctions, including dismissal, against a party who fails to comply with court orders); Fed. R. Civ. P. 41(b) (allowing for involuntary dismissal where "the plaintiff fails to prosecute or to comply with the[] rules [of procedure] or a court order"); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (outlining factors to consider in dismissing a case); *see also* D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward.").

**IT IS FURTHER ORDERED** that, if Plaintiff does not intend to pursue her claim, she may file on the record a stipulation of dismissal signed by Defendant or a request for dismissal by court order. *See* Fed. R. Civ. P. 41(a).

**IT IS SO ORDERED.**

                                                    **STEPHAN M. VIDMAR**
                                                    **United States Magistrate Judge**