IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERESA WILSON,

      Plaintiff,

v.                                                    No. 1:22-cv-0269 MV/DLM

RAJANDEEP SINGH and
GR TRANSPORTATION, INC.,

      Defendants.

## ORDER TO AMEND NOTICE OF REMOVAL

THIS MATTER comes before the Court sua sponte. Defendant GR Transportation, Inc. (GRT) removed this action to federal court on April 8, 2022, citing diversity jurisdiction. (Doc. 1 at 1–2.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered GRT's Notice of Removal and the applicable law, the Court finds that the Notice fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant . . . may remove the action to federal court . . . ." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quoting *Caterpillar Inc. v. Lewis*, 519

U.S. 61, 68 (1996)). The defendant, as the removing party, "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citation omitted).

Here, the Notice of Removal and the Amended Complaint assert that Wilson is a "resident" of Oklahoma, and Singh is a "resident" of California. (Docs. 1 at 1; 34 ¶¶ 1–2; *see also* Doc. 1-A ¶¶ 2–3.) "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Thus, there are insufficient facts to establish Wilson's or Singh's citizenship.

Moreover, the Notice of Removal states that GRT "is a California company." (Doc. 1 at 1.) A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." See 28 U.S.C. § 1332(c). Federal Rule of Civil Procedure 7.1(a)(2) requires that when a lawsuit is removed to a federal district court based on diversity, "a party or intervenor must, unless the court orders otherwise, file a disclosure statement" that names and identifies "the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2) (hyphen omitted). Because it does not appear that GRT has filed such a disclosure statement, the Court is unable to determine its citizenship.

The Court will allow GRT the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**THEREFORE,**

**IT IS ORDERED** that GRT shall file an amended Notice of Removal to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **April 26, 2023**.

**IT IS FURTHER ORDERED** that GRT shall file a disclosure statement pursuant to Rule 7.1(a)(2) no later than **April 26, 2023**.

**IT IS FURTHER ORDERED** that if GRT fails to comply with this order, the Court may remand this action back to state district court.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE